YOUNG CONAWAY STARGATT & TAYLOR, LLP

JAMES L. PATTON, JR.
M. BLAKE CLEARY
DAVID R. HURST
ANDREW L. MAGAZINER

The Brandywine Building, 1000 West St., Suite 1700
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Fax: (302) 571-1253
Email: mbcleary@ycst.com
dhurst@ycst.com
amagaziner@ycst.com


WAGNER CHOI & VERBRUGGE
Attorneys At Law

JAMES A. WAGNER
CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: jwagner@hibklaw.com
cchoi@hibklaw.com
aito@hibklaw.com

Proposed Co-Counsel for Official
Committee of Unsecured Creditors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

------------------------------x
In re                         : Chapter 11
                              :
M WAIKIKI LLC,                : CASE NO. 11-02371
                              : (Chapter 11)
                    Debtor.   :
------------------------------x

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, PURSUANT TO SECTIONS 328, 330, AND 1103 OF THE BANKRUPTCY CODE, AUTHORIZING THE EMPLOYMENT AND RETENTION, EFFECTIVE AS OF SEPTEMBER 13, 2011, OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS SPECIAL COUNSEL <u>TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the case of M Waikiki LLC, the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>"), hereby moves this Court for entry of an order, pursuant to sections 328, 330, and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>") as special counsel for the Committee, effective as of September 13, 2011 (the "<u>Application</u>"). In support of this Application, the Committee relies upon the Declaration of M. Blake Cleary (the "<u>Cleary Declaration</u>"), filed concurrently herewith, and respectfully represents as follows:

2

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested herein is sections 328, 330, and 1103 of the Bankruptcy Code.

## BACKGROUND

3. On August 31, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. On September 9, 2011, the United States Trustee for the District of Hawaii (the "Trustee") appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code, and the Committee was subsequently amended on September 12, 2011. The Committee consists of the following members: Marriott Hotel Services, Inc.; Hawaiian Electric Company, Inc.; Communications Pacific, Inc.; and King Food Services, Inc.

5.     At an organizational meeting of creditors held on September 9, 2011, the Committee selected Wagner Choi & Verbrugge ("Wagner Choi") as its counsel. On September 13, 2011, the Committee selected Young Conaway to act as its special counsel pursuant to section 1103 of the Bankruptcy Code and subject to this Court's approval to handle litigation and related matters.

6.     The Committee selected Young Conaway because of the firm's extensive experience in, and knowledge of, business reorganizations under chapter 11 of the Bankruptcy Code its representation of numerous committees and because of Young Conaway's experience and expertise in litigation before various courts in multiple jurisdictions. The Committee considered the requests for retention made by various law firms and interviewed such firms before selecting Young Conaway as its special counsel. Consistent with the foregoing, the Committee believes that it had sufficient information to make an informed decision to retain and employ Young Conaway.

## RELIEF REQUESTED

7.     By this Application, the Committee requests entry of an order, pursuant to sections 328, 330, and 1103 of the Bankruptcy Code, approving the employment and retention of Young Conaway as special counsel to the Committee, *nunc pro tunc* to September 13, 2011. Because of Young Conaway's extensive experience in matters concerning complex bankruptcy litigation,

including financial disputes, valuation litigation, and contested motions and confirmations, among others, Young Conaway is well suited to deal effectively with the potential contested issues that may arise in the Debtor's chapter 11 case.

8. By separate application, the Committee has sought to retain Wagner Choi as its counsel in the Debtor's chapter 11 case.

9. Young Conaway will work closely with Wagner Choi to take whatever steps are necessary and appropriate to implement a carefully constructed division of services and to avoid duplication of effort. Young Conaway has successfully done this in multiple jurisdictions.

10. Wagner Choi will be serving as Committee's primary counsel responsible for issues relating to the case administration of the chapter 11 case, reviewing and advising the Committee with respect to the motions relating to the Debtor's day-to-day operations, debtor-in-possession financing and cash collateral, cash management, relief from the automatic stay, honoring prepetition obligations, administrative expense claims requests, assumption or rejection of executory contracts, plan issues, disposition of assets, unexpired lease, and general claims objections.

11. As special counsel, when and as requested by the Committee or Wagner Choi, Young Conaway will be responsible for investigating, litigating, and negotiating matters associated with the bankruptcy case in Hawaii and on the

YCST01: 11458142.1     070635.1001

U.S. Bankruptcy Court - Hawaii    #11-02371    Dkt # 166    Filed 09/23/11    Page 5 of 19

mainland, including (i) matters concerning the Debtor's motion to reject executory contracts with Marriott and the circumstances related to the filing of the motion, (ii) potential causes of actions the Debtor may hold with respect to third parties, (iii) debtor-in-possession financing and use of cash collateral, (iv) issues surrounding the Debtor's valuation, and (v) other significant litigation matters as determined by the Committee. In this regard, Young Conaway seeks to render the following services on behalf of the Committee:

    a. to consult with the Committee, the Debtor, Wagner Choi, and the Trustee concerning matters within the scope of Young Conaway's retention in this chapter 11 case;

    b. to review, analyze and respond to pleadings filed with this Court by the Debtor and to participate at hearings on such pleadings concerning matters within the scope of Young Conaway's retention in this chapter 11 case;

    c. to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, and any matters relevant to this chapter 11 case in the event, and to the extent, required by the Committee; and

    d. to take all necessary action to protect the rights and interests of the Committee concerning matters within the scope of Young Conaway's retention in this chapter 11 case, including, but not limited to, negotiations and preparation of documents relating to any plan of reorganization and disclosure statement, if necessary.

12. No previous application for the relief sought herein has been made by the Committee to this or any other Court.

## BASIS FOR RELIEF

13. Section 328(a) of the Bankruptcy Code provides that a statutory committee may employ attorneys on any reasonable terms and conditions. <u>See</u> 11 U.S.C. § 328(a). The Committee believes that Young Conaway is well qualified to act as its special counsel in this chapter 11 case and that Young Conaway has the necessary background to deal effectively with the many potential legal issues and problems that may arise in this chapter 11 case.

14. Compensation will be payable to Young Conaway on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Young Conaway. The billing rate for partners at Young Conaway ranges from $345.00 per hour to $900.00 per hour, and the billing rate for associates at Young Conaway ranges from $265.00 per hour to $395.00 per hour. The attorneys primarily designated to represent the Committee and their current standard hourly rates are:

      a. M. Blake Cleary      $610.00 per hour

      b. David R. Hurst      $545.00 per hour

      c. Martin Lessner      $675.00 per hour

      d. Andrew L. Magaziner      $290.00 per hour

15. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, upon prior notice to the Committee. Other attorneys and paralegals from Young Conaway may from time to time also serve the Committee in connection with the matters described herein.

YCST01: 11458142.1        070635.1001

U.S. Bankruptcy Court - Hawaii #11-02371 Dkt # 166 Filed 09/23/11 Page 7 of 19

16. The Committee has been advised that the hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Committee has been advised by Young Conaway that it is Young Conaway's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.

17. Young Conaway has represented to the Committee that Young Conaway intends to apply to the Court for allowance of compensation for professional services rendered in connection with this chapter 11 case based on its customary hourly rates then in effect, and to request reimbursement of expenses, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court, including any administrative orders entered by the Court. Moreover, Young Conaway has agreed not to charge the Committee for non-work-related travel time spent in conjunction with Young Conaway's proposed representation of the Committee and its constituents.

18. Young Conaway has advised the Committee that neither Young Conaway nor any partner, counsel, or associate thereof holds or represents any interest adverse to the Committee in the matters upon which Young Conaway is to be employed, except as may be set forth in the Cleary Declaration.

19. In the event that Young Conaway discovers any connections with any party in interest in the Debtor's chapter 11 case, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Young Conaway shall promptly disclose such connections and information to the Court in a supplement to the Cleary Declaration.

20. At the request of the Committee, Young Conaway has rendered services from September 13, 2011, following the Committee's selection of Young Conaway to represent the Committee, through and including the date hereof. Accordingly, the Committee requests that the retention of Young Conaway be authorized *nunc pro tunc* effective as of September 13, 2011.

## NOTICE

21. Notice of this Application has been given to: (a) the Office of the United States Trustee for the District of Hawaii, (b) counsel to the Debtor, (c) counsel for the DIP Lender, (d) counsel for the senior prepetition lender, and (e) any other parties in interest who have requested notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an Order approving the Committee's retention of Young Conaway as its

counsel, effective as of September 13, 2011, and grant such other and further relief as this Court deems just.

Dated:    September 23, 2011

>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF M WAIKIKI LLC
>
> Hawaiian Electric Company, Inc., solely in its capacity as Chair of the Committee and not in its individual capacity,
>
> /s/ Kimo Leong
> By: Kimo Leong, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

------------------------------x
In re                         : Chapter 11
                              :
M WAIKIKI LLC,                : Case No. 11-02371
                              :
            Debtor.           :
                              :
                              :
------------------------------x

### DECLARATION OF M. BLAKE CLEARY IN SUPPORT OF APPLICATION FOR ORDER, PURSUANT TO SECTIONS 328, 330, AND 1103 OF THE BANKRUPTCY CODE, AUTHORIZING THE EMPLOYMENT AND RETENTION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP, EFFECTIVE AS OF SEPTEMBER 13, 2011, AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; EXHIBIT 1

I, M. BLAKE CLEARY, hereby declare:

1. I am a partner in the law firm of Young Conaway Stargatt & Taylor, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 ("Young Conaway") and am duly admitted to practice in the State of Delaware, the Commonwealth of Pennsylvania, the United States District Court for the District of Delaware and the United States Court of Appeals for the Third Circuit. I submit this Declaration (the "Cleary Declaration") in support of the Application of the Official Committee of Unsecured Creditors for Order, Pursuant to Sections 328, 330, and 1103 of the Bankruptcy Code,

Authorizing the Employment and Retention, of Young Conaway Stargatt & Taylor, LLP, as Special Counsel to the Official Committee of Unsecured Creditors, Effective as of September 13, 2011 (the "Application").

    2.     Neither I, Young Conaway, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Official Committee of Unsecured Creditors (the "Committee"), the above-captioned debtor and debtor- in-possession (the "Debtor"), or any other parties-in-interest herein, except as stated herein.

    3.     Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Young Conaway, its partners, counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtor;

    b. is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

    c. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

    4.     Young Conaway has conducted a series of searches in the firm's conflicts databases to identify relationships with the Debtor, creditors, and other parties-in-interest (or potential parties-in-interest) in this chapter 11 case

2

including, but not limited to, representations by Young Conaway of: a) Debtor, Affiliates, and Former Affiliates; b) Lenders; c) Professionals; c) Top 20 Creditors; d) Equity Holders; e) Trustee; f) Current and Former Managers; and g) The Honorable Robert J. Faris, Judge of the United States Bankruptcy Court for the District of Hawaii and the Office of the United States Trustee for the District of Hawaii.

5. The results of the aforementioned searches are summarized in <u>Exhibit 1</u>, which is attached hereto. As set forth in <u>Exhibit 1</u>, and subject to any explanations and/or exceptions contained therein or herein, Young Conaway: (a) does not hold or represent any interest adverse to the Committee in connection with the matters upon which Young Conaway is to be engaged, and (b) is disinterested. If the results of further investigation reveal any additional connections, Young Conaway will make any further disclosures as may be appropriate at that time.

6. Young Conaway intends to apply for compensation for professional services rendered in connection with this chapter 11 case subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Rules of this Court, and any administrative order entered by this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by

Young Conaway. The billing rate for partners at Young Conaway ranges from $345.00 per hour to $900.00 per hour, and the billing rate for associates at Young Conaway ranges from $265.00 per hour to $395.00 per hour. The principal attorneys primarily designated to represent the Committee and their current standard hourly rates are:

    a. M. Blake Cleary            $610.00 per hour

    b. David R. Hurst             $545.00 per hour

    c. Martin Lessner             $675.00 per hour

    d. Andrew L. Magaziner    $290.00 per hour

7. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, upon prior notice to the Committee. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described.

8. The hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Young Conaway has agreed, however, not to charge the Committee for non-work-related travel time spent in conjunction with Young Conaway's proposed representation of the Committee.

9. Young Conaway has not received a retainer in connection with this chapter 11 case.

4

10. No promises have been received by Young Conaway, nor by any partner, counsel, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Young Conaway has no agreement with any other entity to share with such entity any compensation received by Young Conaway in connection with this chapter 11 case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: Honolulu, Hawaii, September 23, 2011.

/s/ M. Blake Cleary
M. Blake Cleary

# EXHIBIT 1

## Conflict of Interest Search & Results

**Debtor, Affiliates, and Former Affiliates**

Parties Searched:

M Waikiki LLC
Waikiki Edition
Nomura
C-III Asset Management LLC
Bond HD
Modern Management Services, LLC
Aqua Hotels & Resorts

Conflict Search Result:

Young Conaway has not represented any of these parties or affiliates thereof.

**Lenders**

Parties Searched:

Nomura CRE CDO Grantor Trust, Series 2007-2
Davidson Family Trust

Conflict Search Results:

Young Conaway has not represented this party or any affiliate thereof.

**Professionals**

Parties Searched:

Wagner Choi and Verbrugge
Arnold & Porter
Sheppard Mullin Richter & Hampton LLP
Neligan Foley LLP
Klevansky Piper, LLP

Conflict Search Results:

Young Conaway has previously worked with and currently serves a co-counsel with Arnold & Porter in matters wholly unrelated to the Debtor's chapter 11 case.

Over ten years ago, Young Conaway worked as co-counsel with Patrick Neligan, Jr., a principal at Neligan Foley LLP in matters wholly unrelated to the Debtor's chapter 11 case.

Young Conaway currently serves as co-counsel with Sheppard Mullin Richter & Hampton LLP with respect to matters wholly unrelated to the Debtor's chapter 11 case.

**Top 20 Unsecured Creditors**

Parties Searched:

Marriott Hotel Services, Inc.
Hawaiian Electric Co.
Communications Pacific, Inc.
King Food Services, Inc.
Leis Co.
United Laundry Services, Inc.
Team Clean
Hansen Food Service
Swank Audio Visuals, LLC
Paradise Beverages, Inc.
Luce Forward
Torkildson Katz
IS LP
Cumming Construction Management
Southern Wine & Spirits of Hawaii
REH Capital Partners
Premium Incorporated
Elite Meetings International, Inc.
Youngs Market Company of Hawaii
Armstrong Produce

Conflict Search Results:

Over ten years ago, Young Conaway represented both Host Marriott Corporation and Marriott International, Inc. in matters wholly unrelated to the Debtor's chapter 11 case. Upon information and belief, Marriott Hotel Services, Inc. is an affiliate of Marriott International, Inc.

Young Conaway currently represents, or has previously represented third parties against affiliates of Marriott International, Inc. and/or Host Marriott Corporation.

**Equity Holders**

Parties Searched:

eRF Hawaii Hotel Partners II LLC
Davidson Family Trust

Conflict Search Results:

Young Conaway has never represented these parties or any affiliate thereof.

**Trustees or Administrative Agents**

Parties Searched:

Wells Fargo Bank, National Association

Conflict Search Results:

Young Conaway has previously represented Wells Fargo Bank, N.A. on matters wholly unrelated to the Debtor's chapter 11 case.

**Current and Former Officers and Directors**

Parties Searched:

Damian McKinney
eRealty Fund, LLC

Conflict Search Results:

Young Conaway has never represented these parties or any affiliate thereof.

**The Bankruptcy Court and Office of the United States Trustee for the District of Hawaii**

Young Conaway has no connections with either of these parties.

3

YCST01: 11458142.1    070635.1001
U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 166   Filed 09/23/11   Page 19 of 19