NELIGAN FOLEY LLP
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
   *Admitted Pro Hac Vice*
JAMES P. MUENKER
   Texas State Bar No. 24002659
   *Admitted Pro Hac Vice*
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY             3217-0
ALIKA L. PIPER              6949-0
NICOLE D. STUCKI            9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com; nstucki@kplawhawaii.com

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| In re<br><br>M WAIKIKI LLC,<br><br>           Debtor. | Case No. 11-02371<br>(Chapter 11)<br><br>DEBTOR'S OBJECTION TO COMMITTEE'S APPLICATION TO EMPLOY YOUNG CONAWAY STARGATT & TAYLOR LLP AS SPECIAL COUNSEL |

HEARING
Date: October 13, 2011
Time: 2:00 p.m.
Judge: Hon. Robert J. Faris

Related Docket No.: 166

## DEBTOR'S OBJECTION TO COMMITTEE'S APPLICATION TO EMPLOY YOUNG CONAWAY STARGATT & TAYLOR LLP AS SPECIAL COUNSEL

M Waikiki LLC ("M Waikiki" or the "Debtor"), as debtor and debtor-in-possession, files this objection (the "Objection") to the application of the Official Committee of Unsecured Creditors (the "Committee") to employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as special counsel (the "Application") [Docket No. 166]. In support, M Waikiki states as follows:

### I. BACKGROUND & SUMMARY OF OBJECTION

1. The Committee was appointed on September 9, 2011 and filed an application to retain Wagner Choi & Verbrugge ("WCV") as its counsel on September 15, 2011 (the "WCV Application") [Docket No. 126]. Although the WCV Application does not set out the scope of WCV's representation of the Committee, the parties understand that WCV has been retained to serve as the Committee's lead counsel. *See* Application at ¶ 10 ("Wagner Choi will be serving as Committee's primary counsel . . ."). As such, the Committee is already

represented by competent counsel that is responsible for all "issues relating to the case administration of [M Waikiki's] chapter 11 case." *Id.*

2. By the Application, the Committee also seeks to retain and employ Young Conaway as "special counsel." *Id.* at ¶ 11. The Application, however, reveals that there will be significant overlap between the roles of WCV and Young Conaway. *See id.* at ¶ 11 (describing role of Young Conaway in vague, broad terms). At this stage of the case, there is no need for the Committee to incur the costs of being represented by multiple law firms, and the Committee has made no showing in the Motion of the need for so-called "special counsel," or even identified any specific matter for which it seeks to retain Young Conaway. This is particularly true in light of the fact that, excluding any claim by Marriott Hotel Services, Inc. (which is disputed), M Waikiki estimates that general unsecured claims in this case could be less than $1 million. Unless and until the Committee articulates the need for "special counsel" and identifies specific matters for which additional counsel would be appropriate which justify the incurrence of additional administrative expenses in this case, the Application should be denied.

## II. JURISDICTION AND VENUE

3. On August 31, 2011 (the "Petition Date"), M Waikiki filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the

U.S. Bankruptcy Court - Hawaii  #11-02371  Dkt # 223  Filed 10/03/11  Page 3 of 9

Bankruptcy Code, M Waikiki continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

### III. OBJECTION TO RETENTION OF YOUNG CONAWAY

A.  **Overlap Between Services Provided by WCV and Young Conaway**

4.  As noted above, the Application suggests that there will be significant overlap between the services rendered by WCV and the services to be rendered by Young Conaway. The Application states that WCV will continue to serve as the Committee's "primary counsel," responsible for all issues related to M Waikiki's chapter 11 case. Application at ¶ 10. Although the Committee purportedly seeks to retain Young Conaway as "special counsel," the Application suggests that Young Conaway's intended role in this case will be far broader, and would encompass most if not all of the tasks that WCV should be doing as the Committee's primary counsel. *Id.* at ¶ 11.

5.  For example, the Committee proposes that Young Conaway "be responsible for investigating, litigating, and negotiating matters associated with the bankruptcy case in Hawaii and on the mainland, including (i) matters concerning the Debtor's motion to reject executory contracts with Marriott and the circumstances related to the filing of the motion, (ii) potential causes of actions the Debtor may hold with respect to third parties, (iii) debtor-in-possession financing

and the use of cash collateral, (iv) issues surrounding the Debtor's valuation, and (v) other significant litigation matters as determined by the Committee." *Id.*

6. As if the foregoing was not sufficiently broad, the Application continues by stating that Young Conaway will render the following services:

- review, analyze and respond to pleadings filed with this Court by the Debtor and to participate at hearings on such pleadings concerning matters within the scope of Young Conaway's retention in this chapter 11 case;

- investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, and any matters relevant to this chapter 11 case in the event, and to the extent, required by the Committee; and

- take all necessary action to protect the rights and interests of the Committee concerning matters within the scope of Young Conaway's retention in this chapter 11 case, including, but not limited to, negotiations and preparation of documents relating to any plan of reorganization and disclosure statement, if necessary.

*Id.*

7. In other words, the Committee seeks to retain Young Conaway as "special counsel" to perform every material professional service which may be required during this chapter 11 case. As such, the significant overlap between the proposed roles of WCV and Young Conaway will necessarily result in duplicative services and billing.

8. This overlap is evidenced in a number of ways. For example, the Application provides that WCV will be responsible for advising the Committee with respect to "debtor-in-possession financing and cash collateral," and also

provides that Young Conaway will be responsible for "investigating, litigating, and negotiating matters associated with . . . debtor-in-possession financing and the use of cash collateral." *Id.* at ¶¶ 10-11. Similarly, WCV will be responsible for advising the Committee regarding "plan issues," while Young Conaway will be also be responsible for "negotiations and preparation of documents relating to any plan of reorganization" in this case. *Id.* Further, both WCV and Young Conaway will be involved in analyzing and advising the Committee regarding general bankruptcy matters and pleadings filed in this case, as well as appearing at hearings. *Id.*

9. Bankruptcy courts recognize that it is important to avoid increased expense to the estate as a result of unnecessary duplication of services by counsel. *See, e.g., In re Goldstein*, 383 B.R. 496, 502 (Bankr. C.D. Cal. 2007); *see also In re ACT Mfg., Inc.*, 281 B.R. 468, 484 (Bankr. D. Mass. 2002) (time spent by special counsel duplicating efforts of bankruptcy counsel is not compensable). This is particularly true where, as is the case here, the aggregate amount of the unsecured creditor claims in this case is small relative to the amount of secured claims and other interests, and it is too early to tell how those claims may be dealt with under a potential plan of reorganization. Unless and until the Committee more clearly delineates the responsibilities of WCV and Young Conaway, the risk

and likelihood of added costs to the estate as a result of duplication of efforts dictates that the Application should be denied.

B. **The Committee Has Not Identified Any Litigation Or Other Matter Requiring Special Counsel**

10. The Committee purports to retain Young Conaway to, *inter alia*, "investigat[e], litigat[e], and negotiat[e] matters associated with the bankruptcy case in Hawaii and on the mainland," including investigating and litigating "significant litigation matters as determined by the Committee." Application at ¶ 11. The Application does not identify any specific claims to be investigated or litigated by Young Conaway. Certainly WCV is capable of investigating any potential claims and, until the Committee identifies any specific claim or cause of action requiring special litigation counsel, retention of separate is premature. *See Philadelphia Newspapers, LLC v. Off. Comm. Unsec. Creditors*, 408 B.R. 585, 596 (E.D. Pa. 2009) (noting that was premature to decide whether the debtor should be authorized to retain special litigation counsel when debtor's investigation of potential claims was not complete and it was unknown whether litigation would actually ensue).

11. Further, although not specifically addressed in the Application, it is unnecessary for the Committee to retain separate counsel in connection with the litigation between M Waikiki and Marriot Hotel Services, Inc. or Marriott International, Inc. (collectively "Marriott"), which is the only significant pending

litigation related to this bankruptcy case.[1] Marriott is represented by separate counsel, and the Committee is not a party to that litigation. Moreover, the Committee could not have possibly concluded this early in the case whether it should attempt to take a position in connection with this litigation, what such position should be, or whether any potential involvement will require the need for special counsel.[2]

12. In summary, the Committee has failed to articulate any reason, let alone any compelling reason, why the estate should be burdened with the additional administrative expense that would result from the retention of Young Conaway.[3] The Application highlights the significant risk of duplication of efforts between WCV and Young Conaway and fails to identify any specific matter or

---

[1] In early conversations with WCV regarding the Application, WCV indicated that one of the purposes for retaining Young Conaway was to attend depositions on the mainland in connection with the Debtor's litigation with Marriott, and that Marriott recommended Young Conaway to the Committee.

[2] Marriott's current status as a Committee member and its recommendation of Young Conaway to the Committee as "special counsel" highlight the Debtor's previously stated concerns regarding whether the Committee can properly perform its statutory duties with Marriott as a member.

[3] The Debtor notes that despite repeated requests, the Committee has not provided any estimate of its anticipated fees and expenses to the Debtor for inclusion in the DIP budget. The Debtor has serious concerns regarding the Committee's projected fees, its apparent desire to "ramp up" for litigation this early in the case before there has been any investigation into any potential claims, and before the Committee has a sense of what the potential recoveries are to unsecured creditors.

area that requires the retention of "special counsel." There has been no suggestion that WCV is incapable or unqualified to continue serving as the Committee's counsel and, until such time as the Committee articulates a specific need for additional, alternative, or special counsel, the Application should be denied.

## PRAYER

13. For the reasons set forth above, M Waikiki requests that the Court enter an order (i) sustaining the Objection and denying the Application and (ii) awarding M Waikiki any further relief the Court deems appropriate.

DATED: Honolulu, Hawaii, October 3, 2011.

NELIGAN FOLEY LLP

/s/Patrick J. Neligan, Jr.
PATRICK J. NELIGAN, JR.
    Texas State Bar No. 14866000
    *Admitted Pro Hac Vice*
JAMES P. MUENKER
    Texas State Bar No. 24002659
    *Admitted Pro Hac Vice*

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

/s/ Simon Klevansky
SIMON KLEVANSKY
ALIKA L. PIPER
NICOLE D. STUCKI

Attorneys for Debtor