WAGNER CHOI & VERBRUGGE
Attorneys At Law

JAMES A. WAGNER
CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: jwagner@hibklaw.com cchoi@hibklaw.com

Counsel for Official
Committee of Unsecured Creditors

YOUNG CONAWAY STARGATT & TAYLOR, LLP

JAMES L. PATTON, JR.
M. BLAKE CLEARY
DAVID R. HURST
ANDREW L. MAGAZINER
The Brandywine Building, 1000 West St., Suite 1700
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Fax: (302) 571-1253
Email: mbcleary@ycst.com dhurst@ycst.com

Proposed Special Counsel for Official
Committee of Unsecured Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>M WAIKIKI LLC,<br><br>       Debtor.<br>67552 | CASE NO. 11-02371<br>(Chapter 11)<br><br>DATE: October 13, 2011<br>TIME: 2:00 p.m.<br>JUDGE: Hon. Robert J. Faris |

OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REPLY TO DEBTOR'S OBJECTION TO COMMITTEE'S APPLICATION TO EMPLOY YOUNG CONAWAY STARGATT & TAYLOR LLP AS SPECIAL COUNSEL
===

The Official Committee of Unsecured Creditors (the "Committee") hereby submits this Reply to the *Debtor's Objection to Committee's Application to Employ Young Conaway Stargatt & Taylor LLP as Special Counsel* (the "Objection"), filed by M Waikiki LLC, the debtor and debtor-in-possession herein ("M Waikiki" or "Debtor") on October 3, 2011.

PRELIMINARY STATEMENT
===

1. In light of the nature of this case and the immediate need to become involved in significant litigation between the Debtor, on one hand, and Marriott Hotel Services, Inc. or Marriott International, Inc., on the other hand, the Committee, within four days of being formed and within four days of retaining Wagner Choi and Verbrugge ("WCV") as bankruptcy counsel, determined that it was prudent to retain additional counsel to consult with and assist WCV and to represent the Committee's interests. To that end, the Committee invited three firms located in the mainland to make a presentation to serve as additional counsel to the Committee. On September 13, 2011, the Committee selected Young Conaway Stargatt & Taylor, LLP ("Young Conaway") to serve as its special counsel based on its extensive experience in bankruptcy and bankruptcy litigation matters.

67552

2. Given the nature of Young Conaway's practice in Delaware, where it has served in hundreds of cases with co-counsel, working with WCV to avoid duplication and overlap of work should pose no issue. Moreover, this Court and other parties will have an opportunity through the fee application process to police whether there has been significant overlap in the services provided.

3. It is beyond dispute that, subject to this Court's approval, the Committee is entitled to retain counsel of its choice to assist it in fulfilling its fiduciary duties under the Bankruptcy Code. In that regard, the Committee respectfully requests that the Court approve Young Conaway's retention as its special counsel.

## BACKGROUND

4. On August 31, 2011 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Hawaii (the "Court").

5. The Debtor continues to operate its business and manage its property as debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. One day after the Petition Date, on September 1, 2011, instead of filing the typical first day motions necessary and appropriate to ensure the smooth operation of the M Waikiki's hotel property post-petition, the Debtor chose instead

67552
3
U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 239   Filed 10/05/11   Page 3 of 8

to file as a "first day motion" its *Motion to Reject Management Agreement With Marriott Hotel Services, Inc.* (the "Rejection Motion"), seeking an expedited order terminating its pre-petition management agreement with Marriott Hotel Services, Inc. ("Marriott"). *See* docket # 11.[1]

7. The Debtor's "first day" Rejection Motion seeks an order rejecting its long term management contract with Marriott, which could expose this estate to tens of millions of dollars in rejection damages. The Rejection Motion was initially set for hearing on September 7, 2011, but was continued to September 13, 2011, and then to October 13, 2011. The Debtor has since agreed to continue the Rejection Motion for an additional two weeks.

8. The continuance of the Rejection Motion has been prompted by the need for the parties to conduct discovery on the merits of the Rejection Motion and the impact on the case of a potential rejection of the Marriott management agreement. The Committee believes it must investigate the facts and circumstances surrounding the Debtor's decision to file the Rejection Motion, and anticipates discovery may be conducted both in Hawaii and on the mainland.[2]

9. Also on September 1, 2011, Marriott filed its *Motion for Relief from Automatic Stay* ("Marriott Motion") seeking to recover certain intellectual property

---

[1] The Debtor felt compelled to file this motion even though it had removed Marriott as manager of the hotel and had installed a new management company to operate the hotel on August 28, 2011.

[2] The Committee believes that the Rejection Motion should not be considered until the reorganization prospects of this estate become more apparent.

and other assets allegedly constitute the property of Marriott. Since the filing of the Marriott Motion, the Debtor has alleged that Marriott has been interfering with the Debtor's ability to manage and operate the hotel by withholding certain information which rightfully belongs to the estate. The Marriott Motion is highly litigious with depositions scheduled, both in Hawaii and in Texas for the first two weeks of October.

10. On September 9, 2011, the Office of the U.S. Trustee appointed the Committee which initially consisted of three members. On that day, the members of the Committee (consisting of Marriott, Hawaiian Electric Company, Inc., and Communications Pacific, Inc.) decided to retain the firm of Wagner Choi & Verbrugge as its bankruptcy counsel in the case.

11. The Debtor has already employed two sets of bankruptcy counsel, Neligan Foley, LLP, a Texas law firm, and Klevansky Piper, LLP, a Hawaii law firm. On September 12, 2011, the Debtor also filed an application to retain Bickel & Brewer ("Bickel Firm"), as special litigation counsel to represent the Debtor in its dispute with Marriott, including, apparently, litigation outside of the New York Supreme Court.[3] Members of the Bickel Firm are currently in Honolulu taking the

---

[3] The Bickel Firm filed the pre-petition lawsuit against Marriott in a New York state court, but the scope of their proposed engagement is broad and covers any "Marriott litigation." *See Application for an Order Authorizing the Retention of Employment of Bickel & Brewer as Special Litigation Counsel to the Debtor*, docket # 152.

67552

5
U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 239   Filed  10/05/11   Page 5 of 8

depositions of Marriott personnel and defending Marriott's depositions of the Debtor in the main proceeding.[4]

12. On September 7, 2011, M Waikiki filed the *Emergency Motion for Authorization to Obtain Prepetition Secured Indebtedness and Other Relief* seeking Court approval for a DIP loan to be made by the Davidson Family Trust, which indirectly holds the majority of the Debtor's Class "A" membership interest and directly holds all of the Debtor's Class B membership interest. The Davidson Family Trust is represented in the proceeding by Tom E. Roesser, Esq. of Carlsmith Ball LLP and Lisa Hill Fenning, Esq. of Arnold & Porter LLP, two highly experienced bankruptcy attorneys.

13. By September 23, 2011, when the Committee filed its *Application to Employ Young Conaway Stargatt & Taylor LLP as Special Counsel* (the "Application"), the Debtor had or was in the process of retaining three law firms to represent it in this proceeding and to the extent the interest of the Debtor and the Davidson Family Trust were aligned, anticipated having the assistance of two additional law firms.

14. Given the pending significant litigation matters and the fast pace at which the case is proceeding, the Committee rightfully was concerned that although WCV was comprised of highly competent bankruptcy counsel, the firm's personnel resources were somewhat limited. The Committee did not want to be in

---

[4] There are no less than 10 depositions scheduled for Honolulu and Dallas in connection with the Marriott Motion.

67552

a position of having its general bankruptcy counsel overwhelmed by litigation matters, some of which was reasonably expected to occur on the mainland and not in Hawaii. It was not prudent to wait until a specific need arose to locate and retain the services of special counsel. The Committee deemed it prudent to retain the services of special litigation counsel to represent the Committee on specific matters when and as requested by the Committee.

15. The gravamen of the Debtor's Objection is that the services of Young Conaway unnecessarily overlap the services to be provided by WCV. In making its argument, the Debtor ignores a very important preface, in the paragraph in the Application which outlines the services to be provided by Young Conaway. Paragraph 11 of the Application provides in very important part: "As special counsel, **when and as requested by the Committee or Wagner Choi**, Young Conaway will be responsible for . . . ."

16. The Debtor has placed the issues with Marriott at the front and center of this bankruptcy case. The Committee has a statutory obligation to investigate the facts and circumstances surrounding the Debtor's actions with respect to Marriott and the Rejection Motion. It is inappropriate for the Debtor to seek to hamstring the Committee in its investigation and analysis of those issues by restricting its choice of counsel.

17. The Committee and its counsel are cognizant of their duty to monitor services to be performed by counsel to ensure that unnecessary duplication of

U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 239   Filed 10/05/11   Page 7 of 8

effort does not occur. To the extent the Debtor or other parties believe that the services provided to the Committee by its counsel are at any point duplicative or unnecessary, they are free to raise those objections with the Court at the time the respective Committee's counsel seek allowance of their fees and costs in this case.

## CONCLUSION

For the reasons set forth herein and in the Application, the Committee respectfully requests that the Court approve the Committee's Application to Retain Young Conaway as special counsel.

DATED: Honolulu, Hawaii, October 5, 2011.

/s/ James A. Wagner
James A. Wagner
Chuck C. Choi
Allison A. Ito

Attorneys for Official
Committee of Unsecured Creditors

-and-

James L. Patton, Jr.
M. Blake Cleary
David Hurst

Proposed Special Counsel for
Official Committee of Unsecured Creditors