NELIGAN FOLEY, LLP
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
   Admitted Pro Hac Vice
JAMES P. MUENKER
   Texas State Bar No. 24002659
   Admitted Pro Hac Vice
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY        3217-0
ALIKA L. PIPER            6949-0
NICOLE D. STUCKI         9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com; nstucki@kplawhawaii.com

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| In re<br><br>M WAIKIKI LLC,<br><br>              Debtor. | Case No. 11-02371<br>(Chapter 11)<br><br>**EMERGENCY MOTION FOR ENTRY OF AGREED ORDER REGARDING TURNOVER OF PROPERTY; EXHIBIT "1"** |

# EMERGENCY MOTION FOR ENTRY OF AGREED ORDER REGARDING TURNOVER OF PROPERTY

M Waikiki LLC ("M Waikiki" or the "Debtor"), as debtor and debtor-in-possession, files this emergency motion (the "Motion"), for entry of an "Agreed Order Regarding Turnover of Property" (the "Turnover Order"), in the form attached hereto as Exhibit "1", and respectfully states as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## PROCEDURAL BACKGROUND

2. On August 31, 2011 (the "Petition Date"), M Waikiki filed a voluntary petition for relief Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, M Waikiki continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

3. On September 9, 2011, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

## III.
## THE DEBTOR'S BUSINESS

4. M Waikiki is the owner of an 18-story, 353-room luxury hotel property in Honolulu known as the MODERN Honolulu (f/k/a the Waikiki Edition Hotel) (the "Hotel"). The Hotel is currently operated and managed by Modern Management Services, LLC ("Modern Management") under the terms of a Hotel Management Agreement, dated August 28, 2011.

## IV.
## THE PRE-PETITION HOTEL BANK ACCOUNTS

5. Prior to the Petition Date, Marriott Hotel Services, Inc. ("Marriott") managed the Hotel pursuant to the terms of a Management Agreement, dated as of July 9, 2008 (as amended, the "Management Agreement").

6. Pursuant to the Management Agreement, Marriott established and maintained the bank accounts set forth on Exhibit "A" to the Turnover Order (the "Hotel Bank Accounts") for the purposes of, among other things, collecting and depositing funds relating to the operation of the Hotel.

7. The Debtor alleges that Marriott was terminated as the manager of the Hotel and Marriott has disputed that it was terminated as the manager of the Hotel. The Debtor has requested that Marriott turn over to the Debtor (i) all of the funds in the Hotel Bank Accounts as well as (ii) any other funds relating to

the operation of the Hotel and received by Marriott, including without limitation, any checks (collectively, the "Hotel Funds").

8. Marriott alleges, among other things, that: (i) it was not terminated as the manager of the Hotel; (ii) as a result, it is not obligated under the Management Agreement to turn over the Hotel Funds; and (iii) it may have a right of setoff, certain lien rights, certain rights associated with customer deposits or other rights with respect to the Hotel Funds.

9. Notwithstanding the foregoing, the Debtor and Marriott have agreed that as an accommodation to the Debtor, the Hotel Funds shall be turned over to the Debtor, subject to the terms and conditions set forth in the Turnover Order.

## V.
## SUMMARY OF TURNOVER ORDER

10. The Turnover Order provides in pertinent part that:

    a. On the earlier to occur of (i) the date that the Turnover Order has been entered and becomes final and non-appealable or (ii) in the event that no party files any objection or response to the Turnover Order and the Debtor, each secured lender, the DIP lender, the Davidson Trust and the Creditors Committee waive their right to appeal the Turnover Over, within three (3) business days of the entry of the Turnover Order, Marriott shall wire transfer the Hotel Funds (which the available bank statements reflect was approximately the aggregate sum of $1.066 million as of September 16, 2011) to the Debtor pursuant to the wire transfer instructions set forth on Exhibit B to the Turnover Order, and after the Turnover Order has become final and non-appealable, shall within three (3) business days of receipt thereof turn over any additional Hotel Funds

33174_2.doc - 4 -
U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 264   Filed 10/14/11   Page 4 of 14

that are collected in the Hotel Bank Accounts following the execution and entry of the Turnover Order.

   b. The transfer of the Hotel Funds shall be without prejudice to any of the parties' rights, claims and defenses, including, without limitation, Marriott's right to assert that the Management Agreement was not terminated. Furthermore, with respect to the turnover of the Hotel Funds, all of Marriott's rights with respect to such funds, if any, are preserved such that Marriott shall have the same rights, including without limitation, setoff rights, lien rights and any and all rights associated with customer deposits, if any, with respect to the Hotel Funds following the turnover that it had, if any, before the turnover and as if Marriott was still holding the Hotel Funds in its possession for all purposes; <u>provided however</u>, that any such right shall also be subject to the rights, claims and defenses of the Debtor or any other party-in-interest (including, without limitation, the Creditors' Committee, the DIP lender and Wells Fargo) in the Hotel Funds. For the avoidance of doubt, it is the intent of the Parties that the Hotel Funds be turned over to the Debtor for the Debtor's use in the operation of the Hotel in accordance with the Court's final order authorizing debtor-in-possession financing and the use of cash collateral [Dkt. No. 199], but that such turnover shall otherwise be without prejudice to the rights, claims and defenses of any party existing prior to such turnover.

## VI.
## RELIEF REQUESTED

11. The Debtor requests that the Court enter the Turnover Order, in substantially the form attached hereto as Exhibit "1".

12. It is critical that the Turnover Order be promptly entered. The Debtor requires the Hotel Funds to fund its ongoing business operations. The Court has authority to enter the Turnover Order pursuant to sections 105(a) and 542 of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code authorized the Court to enter any order that is necessary or appropriate to carry out the provisions of the

U.S. Bankruptcy Court - Hawaii #11-02371 Dkt # 264 Filed 10/14/11 Page 5 of 14

Bankruptcy Code. Section 542 of the Bankruptcy Code requires an entity in possession of property of the estate to deliver to the Debtor, and account for, such property.

13. Entry of the Turnover Order will facilitate the turnover of the Hotel Funds to the Debtor without further delay. Since all parties' rights, claims and defenses with respect to the Hotel Funds are being preserved, entry of the Turnover Order will not prejudice any party. Counsel for Marriott has approved the form of the Turnover Order, which is in the best interest of the Debtor, its estate and creditors.

## VII.
## **CONCLUSION**

14. For all the foregoing reasons, the Debtor requests that the Court enter the Turnover Order in the form attached hereto as Exhibit "1".

DATED: Honolulu, Hawaii, October 14, 2011.

> NELIGAN FOLEY LLP
> /s/Patrick J. Neligan, Jr.
> PATRICK J. NELIGAN, JR.
>     Texas State Bar No. 14866000
> JAMES P. MUENKER
>     Texas State Bar No. 24002659
>
> KLEVANSKY PIPER, LLP
> A Limited Liability Law Partnership
>
> /s/ Simon Klevansky
> SIMON KLEVANSKY
> ALIKA L. PIPER
> NICOLE D. STUCKI
> Attorneys for Debtor

# EXHIBIT "1"

U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 264   Filed  10/14/11   Page 7 of 14

NELIGAN FOLEY LLP
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
   *Admitted Pro Hac Vice*
JAMES P. MUENKER
   Texas State Bar No. 24002659
   *Admitted Pro Hac Vice*
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY      3217-0
ALIKA L. PIPER          6949-0
NICOLE D. STUCKI        9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com; nstucki@kplawhawaii.com

Attorneys for the Debtor

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>M WAIKIKI LLC,<br><br>           Debtor. | Case No. 11-02371<br>(Chapter 11)<br><br>**AGREED ORDER REGARDING TURNOVER OF PROPERTY; EXHIBITS A and B** |

## AGREED ORDER REGARDING TURNOVER OF PROPERTY

M Waikiki LLC (the "Debtor"), and Marriott Hotel Services, Inc. ("Marriott" and, together with the Debtor, the "Parties"), by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, the Debtor is the owner of the MODERN Honolulu hotel f/k/a the Waikiki Edition (the "Hotel"); and

WHEREAS, on August 31, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, prior to the Petition Date, Marriott managed the Hotel pursuant to the terms of a Management Agreement, dated as of July 9, 2008 (as amended, the "Management Agreement"); and

WHEREAS, pursuant to the Management Agreement, Marriott established and maintained the bank accounts set forth on **Exhibit A** (the "Hotel Bank Accounts") for the purposes of, among other things, collecting and depositing funds relating to the operation of the Hotel;

WHEREAS, prior to the Petition Date, the Debtor alleges, among other things, that it terminated Marriott as the manager of the Hotel and Marriott disputes that it was terminated as the manager of the Hotel; and

WHEREAS, the Hotel is currently being managed by Modern Management, LLC ("Modern Management"); and

WHEREAS, the Debtor has requested that Marriott turn over to the Debtor (i) all of the funds in the Hotel Bank Accounts as well as (ii) any other funds relating to the operation of the Hotel and received by Marriott, including without limitation, any checks (collectively, the "Hotel Funds"); and

WHEREAS, Marriott alleges, among other things, that: (i) it was not terminated as the manager of the Hotel; (ii) as a result, it is not obligated under the Management Agreement to turn over the Hotel Funds; and (iii) it may have a right of setoff, certain lien rights, certain rights associated with customer deposits or other rights with respect to the Hotel Funds; and

WHEREAS, notwithstanding the foregoing, the Parties have agreed that as an accommodation to the Debtor, the Hotel Funds shall be turned over to the Debtor, subject to the terms and conditions set forth herein.

IT IS THEREFORE ORDERED that on the earlier to occur of (i) the date that this Order has been entered and becomes final and non-appealable or (ii) in the event that no party files any objection or response to this Order and the Debtor, each secured lender, the DIP lender, the Davidson Trust and the Creditors Committee waive their right to appeal this Order, within

33264.DOC
- 3 -
U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 264   Filed 10/14/11   Page 10 of 14

three (3) business days of the entry of this Order, Marriott shall wire transfer or otherwise deliver the Hotel Funds (which the available bank statements reflect was approximately the aggregate sum of $1.066 million as of September 16, 2011) to the Debtor pursuant to the wire transfer instructions set forth on **Exhibit B,** and, after this Order has been entered and becomes final and non-appealable, shall within three (3) business days of receipt thereof turn over any additional Hotel Funds that are collected in the Hotel Bank Accounts following the execution and entry of this Order; and it is further

ORDERED that the transfer of the Hotel Funds shall be without prejudice to any of the Parties' rights, claims and defenses, including, without limitation, Marriott's right to assert that the Management Agreement was not terminated. Furthermore, with respect to the turnover of the Hotel Funds, all of Marriott's rights with respect to such funds, if any, are preserved such that Marriott shall have the same rights, including without limitation, setoff rights, lien rights and any and all rights associated with customer deposits, if any, with respect to the Hotel Funds following the turnover that it had, if any, before the turnover and as if Marriott was still holding the Hotel Funds in its possession for all purposes; provided however, that any such right shall also be subject to the rights, claims and defenses of the Debtor or any other party-in-interest

(including, without limitation, the Creditors' Committee, the DIP lender and Wells Fargo) in the Hotel Funds. For the avoidance of doubt, it is the intent of the Parties that the Hotel Funds be turned over to the Debtor for the Debtor's use in the operation of the Hotel in accordance with the Court's final order authorizing debtor-in-possession financing and the use of cash collateral [Dkt. No. 199], but that such turnover shall otherwise be without prejudice to the rights, claims and defenses of any party existing prior to such turnover.

APPROVED AND AGREED:

/s/ Susan Tius
Susan Tius
Attorney for Creditor
Marriott International, Inc. and
Marriott Hotel Services, Inc.

/s/ James P. Muenker
James P. Muenker
Attorney for the Debtor

# EXHIBIT A

(Hotel Bank Accounts)

| ACCOUNT NUMBER | ACCOUNT NAME |
|---|---|
| 65070596 | The Waikiki Edition FFE |
| 65062496 | Marriott Hotel Services, Inc. |
| 38820573 | Waikiki Edition |

# EXHIBIT B

(Wire Transfer Instructions)

Account #        2110179371

Acct Type        Checking

Bank Name        California Bank and Trust

Owner Name       M Waikiki, LLC

ABA Routing #    122232109