| Filer's Name, Address, Phone, Fax, Email: | |
|---|---|
| SIMON KLEVANSKY #3217-0<br>ALIKA L. PIPER #6949-0<br>Klevansky Piper, LLP<br>841 Bishop Street, Suite 1707<br>Honolulu, Hawaii 96813<br>Tel: (808) 536-0200; Fax: (808) 237-5758<br>Email: sklevansky@kplawhawaii.com;<br>      apiper@kplawhawaii.com<br>Attorneys for Debtor M Waikiki LLC | <br>UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF HAWAII<br>1132 Bishop Street, Suite 250<br>Honolulu, Hawaii 96813 |

hib_2004-1 (10/10)

| Debtor: | M Waikiki LLC | Case No.: **11-02371** |
|---|---|---|
| Joint Debtor:<br>(if any) | | Chapter: **11** |

## MOTION FOR RULE 2004 EXAMINATION

| Moving Party: | M Waikiki, LLC |
|---|---|
| Examinee: | Custodian of Records of Marriott Hotel Services, Inc. |
| Examination Date and Time: | November 28, 2011 at 10:00 a.m. |
| Examination Location: | Offices of Klevansky Piper, LLP, 841 Bishop Street, Suite 1707, Honolulu, Hawaii |
| Type of Examination: | ☐ Attendance at deposition    ☑ Production of Documents<br>*[Additional details may be described in attachment – generally not necessary]* |

The undersigned hereby moves under Fed. R. Bankr. P. 2004(a) for an order authorizing the examination of the above-named entity and issuance of a subpoena in accordance with Fed. R. Bankr. P. 9016 to compel attendance or production of documents at the date, time, and location described above.

In support of the motion, the undersigned declares that, prior to filing this motion, the moving party has made all reasonable efforts to arrange a mutually convenient date, time, and place of examination and:

☐    The proposed date, time, and place of examination have been agreed upon by all concerned.

☑    The parties did not agree to a date, time, and place of examination after all reasonable efforts were made, but the date of the examination stated above is no earlier than 14 days after the filing of the motion for an examination order, <u>and no earlier than 30 days after the date of issuance of the examination order or subpoena, whichever is later, if the motion includes a request for production of documents or electronically stored information.</u>

<u>The undersigned declares that the requested examination does not involve pending litigation in which discovery is available under Fed. R. Bankr. P. 7026, Fed. R. Civ. P. 26, or other authority.</u>

Dated: October 27, 2011      /s/ Alika L. Piper
                                                        Movant               Print name if original signature

*This motion may be granted upon compliance with LBR 2004-1. An examinee objecting to the examination may file a motion for a protective order or, if a subpoena has been served, a motion to quash the subpoena.*

# ATTACHMENT TO MOTION FOR 2004 EXAMINATION OF CUSTODIAN OF RECORDS OF MARRIOTT HOTEL SERVICES, INC.

**DEFINITIONS**

As used herein:

1. The term **"Debtor"** means M Waikiki LLC.

2. The term **"Document"** is used in the broadest sense and includes, but is not limited to, all writings including originals, non-identical copies, and drafts thereof. The term "document" includes, but is not limited to, the following items, whether printed, recorded, or reproduced by mechanical or electronic process, or written or produced by hand: agreements; communications, including inter-company and intra-company communications; letters; correspondence; telegrams; cables; telexes; memoranda; records; books; summaries of records or papers; graphs; charts; maps; blueprints; diagrams; tables; indices; pictures; recordings; tapes; computer storage media; e-mail; text messages or SMS accounts; analyses and analytical records; memoranda of telephone calls; minutes or records of meetings or conferences; reports or summaries of interviews; transcripts; reports; microfilm; microfiche; telecopies; faxes; computer printouts; ledgers; photographs; video or audio tapes; schedules; wiring diagrams; logic diagrams; diaries; calendars; day-timers; logs; reports or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; brochures;

bulletins; presentations, pamphlets; circulars; advertising literature; magazine and newspaper articles or advertisements; trade letters; press releases; contracts; notes; drafts; projections; working papers; securities ledgers; checks (front and back); check stubs; receipts; and other documents, papers, or writings of whatever description including, but not limited to, any information contained in any computer or information retrieval device.

3. The term "**Hotel**" shall mean the property known as The Modern Honolulu (formerly known as the Waikiki Edition) located in Honolulu, Hawaii.

4. The term "**Marriott**" means Marriott Hotel Services, Inc. and its agents, representatives, owners, directors, officers, direct and indirect parents, subsidiaries, affiliates, employees, servants, predecessors, successors, independent contractors, consultants, assigns, attorneys, and persons acting or purporting to act on its behalf.

5. The terms "**Relate to**," "**relates** to," "**related to**," "**relating to**," "**refer to**," "**refers** to," "**referred to**," or "**referring** to," mean, without limitation, embodying, mentioning, concerning, connected with, or commenting on, directly or indirectly, reflecting, having a relationship to or with, pertaining to, identifying, containing, pertinent to, compromising, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or

U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 299   Filed 10/27/11   Page 3 of 9

indirectly, in whole or in part, or to be otherwise factually, legally, or logically connected to the subject matter identified in the document request.

6.  These documents requested herein are intended to include all documents in your possession, or subject to your custody or control, whether directly or indirectly, stored in any form or format. A document is deemed to be within your possession, custody, or control if: (1) it is within your actual possession, custody or control; or (2) it is within the possession of any other person or entity and you have the right to obtain the document from such person or entity, and you: (a) own the document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such documents on any term; or (c) as a practical matter, have been able to use, inspect, examine or copy such document when you have sought to do so. For the avoidance of doubt, these Requests are intended to include, but are not limited to, all documents subject to your control that are stored on any computers, tablet, Personal Digital Assistants (PDA), Smart phone, or other device capable of storing such data.

**DOCUMENTS TO BE PRODUCED**

1.  All documents reflecting or relating to the financial operations or accounting for the Hotel, including without limitation, the following:

a. accounts receivable records and reports;
b. accounts payable records and reports;
c. financial statements;
d. bank statements and reconciliations for all Hotel-related accounts, including pre- and post-opening activity;
e. check registers;
f. copies of all cancelled checks (front and back);
g. general ledgers, including balance sheet and income statements for the Hotel;
h. inventory records, including the spa and sundries store;
i. invoices;
j. contracts and leases; and
k. pre-paid and complimentary gift certificates, including detailed information regarding issuance, redemption and reconciliation.

2. All documents reflecting or relating to any communications related to the Hotel on or after August 31, 2011, between Marriott and any vendor that provides or provided goods or services to the Hotel.

3. All documents reflecting or relating to any communications on or after August 31, 2011, between Marriott and any bank, depository institution, lender, loan servicer, loan participant or investor, or other creditor of Debtor, relating in any way to the Hotel, other than communications with other members of the official creditors committee (in their capacity as such members) or its professionals.

4. All documents reflecting or relating to any communications on or after August 31, 2011, between Marriott and any government agency or

department, regulatory body, taxing authority, or postal service, relating in any way to the Hotel.

5. All documents reflecting or relating to any communications on or after August 31, 2011, between Marriott and the Honolulu Liquor Commission.

6. All documents reflecting or relating to any communications related to the Hotel (including any contractual commitments, agreements or employment or any other such promises) on or after August 31, 2011, between Marriott and any employee of the Hotel.

7. All documents reflecting or relating to any communications on or after August 31, 2011, between Marriott and any web-based distributor of hotel rooms, including, but not limited to, Orbitz, relating in any way to the Hotel.

8. All documents reflecting or relating to any communications on or after August 31, 2011, between Marriott and any travel agent relating in any way to the Hotel.

9. All documents reflecting or relating to any communications related to the Hotel, on or after August 31, 2011, between Marriott and any person or entity with a current or future reservation to stay at the Hotel or an event booked at the Hotel as of August 31, 2011.

10. All documents identifying or evidencing the sender(s) and recipient(s) of any communication that included all or substantially all of the text contained in the email attached hereto as **Exhibit 1**.

# EXHIBIT "1"

U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 299   Filed  10/27/11   Page 8 of 9

**From:**
**Sent:**
**To:**
**Subject:** Fwd: The Waikiki EDITION CLOSED

---

### Subject: FW: The Waikiki EDITION CLOSED

NOTICE FROM THE WAIKIKI EDITION.

t is with deep regret that I inform you that Marriott International has made a decision to cease operations of The Waikiki EDITION effective yesterday, September 1, 2011, due to the illegal and unfortunate actions of the ownership group and their partner, which has prevented us from doing business in the hotel's building.

Although a U.S. Supreme Court Judge ruled that the management of Marriott International/The Waikiki EDITION has the legal right to manage the operations of the hotel and issued and order allowing us to return to the hotel, the owner's attorneys subsequently filed for bankruptcy which in effect puts on hold all legal orders until the bankruptcy proceedings can be completed. This was a move that the owners utilized to effectively prevent the management from exercising its legal right to manage the hotel. Due to the lengthy process of bankruptcy which could take a very long time, Marriott International deemed it would not be feasible to operate without the ability to generate revenue, therefore, the actions by the ownership group and their partner necessitated the decision for Marriott International/The Waikiki EDITION to cease operations.

EXHIBIT "1"