NELIGAN FOLEY, LLP
PATRICK J. NELIGAN, JR.
    Texas State Bar No. 14866000
    Admitted Pro Hac Vice
JAMES P. MUENKER
    Texas State Bar No. 24002659
    Admitted Pro Hac Vice
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY    3217-0
ALIKA L. PIPER    6949-0
NICOLE D. STUCKI    9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com; nstucki@kplawhawaii.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>M WAIKIKI LLC,<br><br>        Debtor. | Case No. 11-02371<br>(Chapter 11)<br><br>DEBTOR'S MOTION TO ESTIMATE PROOF OF CLAIM NO. 79 FILED BY MARRIOTT HOTEL SERVICES, INC. AND MARRIOTT INTERNATIONAL, INC. FOR PLAN VOTING AND FEASIBILITY |

# DEBTOR'S MOTION TO ESTIMATE PROOF OF CLAIM NO. 79 FILED BY MARRIOTT HOTEL SERVICES, INC. AND MARRIOTT INTERNATIONAL, INC. FOR PLAN VOTING AND FEASIBILITY

M Waikiki LLC (the "Debtor"), as debtor and debtor in possession, files this motion (the "Motion") pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, and requests that the Court estimate Proof of Claim No. 79 (the "Claim") filed by Marriott Hotel Services, Inc. and Marriott International, Inc. (collectively "Marriott"), solely for plan voting and feasibility purposes. In support, the Debtor states as follows:

## I. JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND[1]

2. The Debtor is the owner of an 18-story, 353-room luxury hotel property near Waikiki Beach in Honolulu (the "Hotel"). In July 2008, the Debtor entered into two separate agreements with Marriott Hotel Services, Inc. with

---

[1] In support of this Motion, the Debtor incorporates its Objection to Proof of Claim No. 79 Filed By Marriott Hotel Services, Inc. and Marriott International, Inc. (the "Claim Objection") [Docket No. 505], as well as the Declaration of Damian McKinney filed in support of the Claim Objection [Docket No. 505-1].

respect to the Hotel: (a) the Design and Technical Services and Pre-Opening Agreement among the Debtor, Marriott, and Schrager LLC (the "TSA"), and (b) the Management Agreement between the Debtor and Marriott (the "Management Agreement" and, together with the TSA, the "Agreements").

3. As described in more detail in the Claim Objection, prior to the Petition Date (defined below): (i) Marriott breached its obligations under the Agreements; (ii) the Debtor notified Marriott of its default under the Management Agreement on May 26, 2011 and commenced the New York Litigation (defined below); and (iii) the Debtor terminated the Management Agreement and Marriott's authority thereunder on August 28, 2011, in order to save the Debtor's $250 million investment in the Hotel.

4. On August 31, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in order to, *inter alia*, restructure its obligations to its secured lenders and rehabilitate its business.

5. On January 3, 2012, the last date for filing proofs of claim against the Debtor, Marriott filed the Claim, for an amount "not less than $72,000,000," that is derived, in large part, from Marriott's alleged lost profits under the Management Agreement.

U.S. Bankruptcy Court - Hawaii  #11-02371  Dkt # 537  Filed 01/30/12  Page 3 of 7

6. On January 19 2012, the Debtor filed the Claim Objection which seeks to disallow Marriott's Claim in its entirety. *See* Docket No. 505. Marriott's Claim is also related to disputes with the Debtor that are the subject of pre-petition litigation pending in the United States District Court for the Southern District of New York (the "New York Litigation").[2] The Debtor has sought to transfer the New York Litigation to the District of Hawaii, and Marriott has opposed such transfer.

7. On January 20, 2012, the Debtor filed its (i) Joint Plan of Reorganization Proposed by the Debtor and the Davidson Family Trust [Docket No. 515] (the "Plan") and (ii) Joint Disclosure Statement with Respect to Joint Plan of Reorganization Proposed by the Debtor and the Davidson Family Trust [Docket No. 516] (the "Disclosure Statement"). A hearing to consider the Disclosure Statement is currently scheduled for March 12, 2012 and the Debtor intends to move forward with the confirmation of the Plan as soon thereafter as possible.

8. Given this schedule, neither the Claim Objection nor the New York Litigation will have been resolved prior to a hearing to consider confirmation of the Plan, and thus Marriott's claim will not have been liquidated, allowed, or

---

[2] M Waikiki LLC v. Marriott Hotel Services, Inc., et al., Case No. 1:11-cv-06488-BSJ.

U.S. Bankruptcy Court - Hawaii  #11-02371  Dkt # 537  Filed 01/30/12  Page 4 of 7

disallowed, prior to a hearing on confirmation of the Plan. Accordingly, an estimation of the Claim must be made in order to proceed with the plan process.

9. In connection with this Motion, the Debtor and Marriott have agreed to a form of scheduling order with respect to the requested estimation. The proposed scheduling order was submitted to the Court on January 27, 2012.

### III. RELIEF REQUESTED

10. By this Motion, the Debtor requests that the Court estimate Marriott's Claim solely for purposes of voting and feasibility, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure. After considering the evidence regarding the Claim, the Debtor further requests that the Court value Marriott's Claim at zero ($0) for such purposes.

11. Under Rule 3018(a), after notice and a hearing a bankruptcy court "may temporarily allow the claim or interest [of a creditor] in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a); *In re Armstrong*, 294 B.R. 344, 354 (10 Cir. B.A.P. 2003*); In re Marin Town Center*, 142 B.R. 374, 379 (N.D. Cal. 1992).

12. Marriott's Claim is unliquidated, contingent, and disputed. As described in more detail in the Claim Objection, Marriott's claim is appropriately valued at zero because, among other things: (i) Marriott fails to distinguish what claims are being asserted by each Marriott entity and Marriott International Inc. is

not a party to any agreement with the Debtor and, therefore, has no allowable claim against the Debtor; (ii) the Claim is not supported by the facts or by the limited affidavit testimony and documents submitted by Marriott and, therefore, must be disallowed; (iii) the Claim is speculative and the lost profit damages sought therein are prohibited by applicable law or, at a minimum grossly overstated; (iv) Marriott's prior material breaches of the Agreements were either the cause of the claims asserted by Marriott or justified the Debtor's actions in terminating the Management Agreement and, therefore, Marriott has no allowable claims against the Debtor; and (v) the value of Marriott's allowable claims, if any, against the Debtor are more than offset by the Debtor's affirmative claims against Marriott.

## IV. PRAYER

13. For the reasons set forth above, the Debtor requests entry of an order (i) estimating for purposes of voting and feasibility the Claim filed by Marriott, and upon such estimation determine the value of such claim to be zero ($0), and (ii) awarding the Debtor any further relief the Court deems appropriate.

DATED: Honolulu, Hawaii, January 30, 2012.

    NELIGAN FOLEY LLP

    /s/ Patrick J. Neligan, Jr.
    PATRICK J. NELIGAN, JR.
        Texas State Bar No. 14866000
    JAMES P. MUENKER
        Texas State Bar No. 24002659

    KLEVANSKY PIPER, LLP
    A Limited Liability Law Partnership

    /s/ Simon Klevansky
    SIMON KLEVANSKY
    ALIKA L. PIPER
    NICOLE D. STUCKI
    Attorneys for Debtor

---

<u>In re M Waikiki LLC, Debtor</u>, Case No. 11-02371, United States Bankruptcy Court, District of Hawaii; DEBTOR'S MOTION TO ESTIMATE PROOF OF CLAIM NO. 79 FILED BY MARRIOTT HOTEL SERVICES, INC. AND MARRIOTT INTERNATIONAL, INC. FOR PLAN VOTING AND FEASIBILITY

35979.doc [68777_1]

- 7 -

U.S. Bankruptcy Court - Hawaii  #11-02371  Dkt # 537  Filed 01/30/12  Page 7 of 7