UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>M WAIKIKI LLC,<br><br>Debtor. | Case No. 11-02371<br>(Chapter 11)<br><br>SCHEDULING ORDER WITH RESPECT TO ESTIMATION OF PROOF OF CLAIM NO. 79 FILED BY MARRIOT HOTEL SERVICES, INC. AND MARRIOTT INTERNATIONAL, INC. FOR PLAN VOTING AND ESTIMATION PURPOSES ONLY<br><br>Judge: Hon. Robert J. Faris<br><br>Related Docket No.: 505 |

### SCHEDULING ORDER WITH RESPECT TO ESTIMATION OF PROOF OF CLAIM NO. 79, FILED BY MARRIOTT HOTEL SERVICES, INC. AND MARRIOTT INTERNATIONAL, INC. FOR PLAN VOTING AND FEASIBILITY PURPOSES ONLY

Upon agreement of M Waikiki LLC ("M Waikiki" or the "Debtor") Marriott Hotel Services, Inc. and Marriott International, Inc. (collectively "Marriott" and together with the Debtor, the "Parties") to the entry of an order scheduling a hearing and establishing procedures to estimate Proof of Claim No. 79 (the "Claim") filed by Marriott for plan voting and feasibility purposes only; and upon good and sufficient cause appearing:

IT IS HEREBY ORDERED THAT:

**A.** **Estimation Proceeding Schedule**

    1. These matters below shall be completed by the following dates:

| | |
|---|---|
| a. Parties' responses to outstanding written requests for production. | Commencing with the week of January 9, the parties shall make a rolling |

1

U.S. Bankruptcy Court - Hawaii    #11-02371    Dkt # 542    Filed 01/30/12    Page 1 of 6

| | | |
|---|---|---|
| | | weekly production to be completed by February 3, 2012. The parties will use diligence to attempt to produce the documents as soon as possible during this time period. |
| b. | Parties' responses to further written discovery relating to Marriott's proof of claim, Debtor's objection to the claim or the estimation proceeding with respect to the claim (*i.e.*, interrogatories, requests for production, and requests for admission). | 21 days of service |
| c. | Depositions may be set upon 5 business days notice, with double and triple tracking of depositions where necessary to accommodate the accelerated schedule. | |
| d. | Parties shall exchange designations of experts and lists of fact witnesses that each party intends to call in their case in chief at the Estimation Hearing. | March 9, 2012 |
| e. | Document discovery to be completed. Requests for production shall be served no later than March 2 in order to comply with the 21-day response deadline. To the extent documents are needed with respect to an unanticipated witnesses designated on March 9, there shall be a 15-day response time to any request for such documents. | March 23, 2012 |
| f. | Parties shall file and serve Affidavits and Declarations for the fact and expert witnesses each party intends to call in its case in chief at Estimation Hearing (other than from attorney of record in this proceeding attesting to the authenticity of documents or other evidence and procedural matters). Direct testimony at the Hearing shall be presented by Affidavit or Declaration, provided the witness is present at the Hearing for cross-examination or has been cross-examined by deposition. The | March 23, 2012, by 5:00 p.m., HAST |

U.S. Bankruptcy Court - Hawaii    #11-02371    Dkt # 542    Filed 01/30/12    Page 2 of 6

|     |                                                                                                                              |                                                                                          |
| --- | ---------------------------------------------------------------------------------------------------------------------------- | ---------------------------------------------------------------------------------------- |
|     | parties shall not be required to submit Declarations or Affidavits for adverse or rebuttal witnesses.                        |                                                                                          |
| h.  | Parties shall file and serve exhibit lists and pre-hearing briefs.                                                           | March 27, 2012 by 5:00 p.m., HAST                                                        |
| e.  | Parties shall exchange designations of experts and lists of fact witnesses to be used solely as rebuttal witnesses.          | March 27, 2012                                                                           |
| i.  | Parties shall exchange, but not file, a set of their exhibits.                                                               | March 28, 2012                                                                           |
| j.  | Deposition discovery closes (fact and expert).                                                                               | March 29, 2012                                                                           |
| k.  | Pre-Trial Hearing                                                                                                            | March 30, 2012                                                                           |
| l.  | Estimation Hearing.                                                                                                          | April 3. [R/F] The parties estimate the hearing will take 5 days.                        |
| m.  | Parties' optional post-hearing briefs.                                                                                       | One week following the conclusion of the Estimation Hearing                              |

**B.   Expert Witnesses**

2. The Parties' expert witness designations must include: (1) a description of the areas of the proposed expert's testimony and a summary of the expert's opinions; (2) a list of documents relied upon by the expert in forming their opinions; and (3) the most recent version of the expert's *curriculum vitae*.

**C.   Estimation Proceeding Protocol**

3. Allocation of time for each side to present its case at the Estimation Hearing shall be determined by agreement of the parties or established by the Court. A chess clock shall be utilized to keep time.

4. Evidence may be presented by: (1) affidavit; (2) declaration; (3) live testimony; (4) deposition testimony; or (5) other sworn testimony, provided such testimony is admissible pursuant to the Federal Rules of Evidence and the opposing Party

3

has had a reasonable opportunity to cross-examine the witness, either live or in a deposition, with respect to the evidence offered.

5. Post-hearing briefs may be no more than 40 pages.

**D. Other Matters**

6. Service of all documents must include, but are not limited to, electronic mail service.

7. Upon conclusion of the estimation hearing, the Court shall estimate the Claim solely to determine the amount, if any, to temporarily allow the Claim pursuant to Federal Rule of Bankruptcy Procedure 3018(a) for the sole purpose of voting to accept or reject a plan and the feasibility of such plan, which determination shall not be deemed to be a determination of liability, nor a determination of amount, status, validity, priority or allowability of the Claim for any other purpose. Further, the Court's determination shall not have any preclusive effect in any subsequent proceedings regarding the Claim, whether under the doctrines of *res judicata*, collateral estoppel, or otherwise.

8. Other than the estimation of the Claim to determine whether the Claim should be temporarily allowed for voting and feasibility purposes as provided herein, the Debtor, Marriott, and all other parties in interest reserve all of their rights and defenses with respect to the Claim.

9. Agreement to this Scheduling Order shall not constitute a waiver of any Party's right to seek extension of the deadlines set forth herein due to scheduling conflicts of witnesses, if a Party reasonably believes it cannot comply with discovery requested by the other Party by the deadlines and within the time frames set forth in this Order due to, among other things, the breadth and scope of such requested discovery, or for other good

U.S. Bankruptcy Court - Hawaii #11-02371 Dkt # 542 Filed 01/30/12 Page 4 of 6

cause, and all parties reserve their rights to seek to request the Court to modify this Scheduling Order.

10. In light of the highly compressed time frame contemplated by this Order, the parties shall endeavor to cooperate with each other concerning discovery in order to complete the discovery within the time frame set forth in this Order.

11. Nothing in this Order shall constitute an agreement by the parties with respect to the limit or scope of discovery or the relevant evidence at the Estimation Hearing.

/s/ _____ JAN 3 0 2012
**United States Bankruptcy Judge**

**APPROVED AS TO FORM AND SUBSTANCE:**

BICKEL & BREWER
/s/ William A. Brewer III
WILLIAM A. BREWER III
Texas State Bar No. 02967035
MICHAEL S. GARDNER
Texas State Bar No. 24002122

NELIGAN FOLEY, LLP
/s/ Patrick J. Neligan, Jr.
PATRICK J. NELIGAN, JR.
Texas State Bar No. 14866000
JAMES P. MUENKER
Texas State Bar No. 24002659

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
/s/ Simon Klevansky
SIMON KLEVANSKY
ALIKA L. PIPER
NICOLE D. STUCKI

**SPECIAL COUNSEL AND ATTORNEYS FOR DEBTOR**

5

RUSH MOORE LLP
A Limited Liability Law Partnership
/s/ Susan Titus
SUSAN TIUS 2873-0

SHEPPARD MULLIN RICHTER &
HAMPTON LLP
/s/ Alan Feld
CARREN B. SHULMAN
ALAN M. FELD

JENNER & BLOCK LLP
/s/ Lindsay C. Harrison
LINDSAY C. HARRISON

**ATTORNEYS FOR MARRIOTT HOTEL SERVICES, INC. AND MARRIOTT INTERNATIONAL, INC.**

---

In re M Waikiki LLC, Debtor, Case No. 11-02371, United States Bankruptcy Court, District of Hawaii; SCHEDULING ORDER WITH RESPECT TO ESTIMATION OF PROOF OF CLAIM NO. 79 FILED BY MARRIOT HOTEL SERVICES, INC. AND MARRIOTT INTERNATIONAL, INC. FOR PLAN VOTING AND ESTIMATION PURPOSES ONLY
35948.doc