NELIGAN FOLEY, LLP
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
   *Admitted Pro Hac Vice*
JAMES P. MUENKER
   Texas State Bar No. 24002659
   *Admitted Pro Hac Vice*
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY    3217-0
ALIKA L. PIPER    6949-0
NICOLE D. STUCKI    9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@plawhawaii.com; nstucki@plawhawaii.com

Counsel for the Debtor

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>M WAIKIKI LLC,<br><br>      Debtor. | Case No. 11-02371<br>**(Chapter 11)**<br><br>**DEBTOR'S PRELIMINARY RESPONSE TO MARRIOTT INTERNATIONAL, INC. AND MARRIOTT HOTEL SERVICES, INC.'S OMNIBUS DISCOVERY MEMORANDUM AND REQUEST FOR CONFERENCE** |

AND RELATED RELIEF;
EXHIBITS "A" AND "B"

Judge: Honorable Robert J. Faris
Related Docket: No. 744

# DEBTOR'S PRELIMINARY RESPONSE TO MARRIOTT INTERNATIONAL, INC. AND MARRIOTT HOTEL SERVICES, INC.'S OMNIBUS DISCOVERY MEMORANDUM AND REQUEST FOR CONFERENCE AND RELATED RELIEF

Debtor M WAIKIKI, LLC (the "Debtor") files this preliminary response to Marriott International, Inc. and Marriott Hotel Services, Inc.'s "Omnibus Discovery Memorandum and Request for Conference and Related Relief" (the "Marriott Request") requesting that the Court take up a new discovery matter and reconsider, in some manner, two of its rulings made on March 5th.

As an initial matter, the Marriott Request should be disregarded or set over for a further hearing[1], if the Court determines such a hearing is necessary, as

---

[1] Marriott argues that "the Court address these issues at the hearing already scheduled in this matter on March 12, 2012, *per the suggestion* of Debtor's counsel at the March 7th discovery conference in this matter" (italics added), citing a comment by Mr. Klevansky on March 7. Mr. Klevansky had observed that it did not appear necessary to have a regularly scheduled weekly conference, as the parties were already before the Court so frequently, citing a hearing that same afternoon, another one set for March 12, and a third set for March 21. He did not expressly, or impliedly, "suggest" that Marriott could take up "these issues", or any particular issues, without proper notice, on this day. The Court then authorized the parties to consolidate any discovery issues as may arise in "omnibus discovery

U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 752   Filed 03/12/12   Page 2 of 10

Marriott raises these issues without proper notice to, or conferring with, Debtor's counsel. First, as to all of the issues raised, Marriott's counsel made no effort to meet and confer with the Debtor's counsel as to the issues presented. Then, although it filed its ex parte Motion to file portions of is Request under seal at 10:38 a.m., and Debtor's counsel immediately requested an unredacted copy, see correspondence from Mr. Muenker to Ms. Tius, a copy of which is attached as Exhibit "A", Marriott waited until shortly before 3:00 p.m., when Mr. Gardner's office (7:00 p.m. Central Time) had long since closed for the day, on Friday, March 9, 2012, to provide Debtor's counsel with a copy. Third, two of the "requests" are transparent motions to reconsider orders of the Court, without any effort to meet the required predicate that new evidence or authority that could not have been available to Marriott at the initial hearing justified the request. (We have frequently observed that Marriott accepts no order as final, and believes that under the guise of alleged "clarification" it may ask the Court to change its view – even where there is no ambiguity in the Court's decision.)

        Turning to the substantive issues, Mr. Gardner will address the first request, relating to a specific e-mail by Mr. Guccini, orally at the hearing if he is

---

memoranda", rather than in separate issue by issue letters – a procedure to which Mr. Klevansky did not object. That authorization did not extend to Marriott having relief from the Rules of Civil Procedure, the Bankruptcy Rules, all local rules, and the requirements of courtesy.

able to appear telephonically to do so[2], as it relates to matters with which he is familiar. We will note, however, exactly as Marriott's counsel has done in the hearing on March 7th, that the Debtor is producing its documents on a rolling basis, as is Marriott, that it intends to produce documents pertinent to Mr. Guccini's scheduled deposition prior to that deposition, and that Ms. Harrison could have called Mr. Gardner Friday morning in lieu of filing her Request after Mr. Gardner's office had closed. In any event, Mr. Gardner responded to Ms. Harrison by letter dated March 11, 2012, a copy of which is attached as Exhibit "B". That being the case, this request should be denied or disregarded.

As to the second of Marriott's arguments, that the Court's ruling on Marriott's waiver of privilege as to its calculation of its filed claim should be "clarified", we object to Marriott's effort to reargue the motion under the guise of concern over the form of the Court's posted "minute". We agree that the Court's posted "minute" is not controlling as an order of the Court, and believe that the Court's own announced ruling stands on its own. We believe the following is an accurate transcription of the Court's ruling (but of course the Court may determine its own view, and we apologize for any errors):

---

[2] Mr. Gardner is scheduled to attend telephonically, but on "listen only" mode, a status which was satisfactory before Marriott filed the Request directed specifically at matters which he would necessarily address. We will request that his status be modified.

> Okay, okay. Well I think that by filing the Proof of Claim, I do think that Marriott waived any attorney-client privilege with regard to the telephone conversation we are talking about and I think that's enough to decide the question that is before me right now. So that's all I'll decide, if there's other questions or other conversations that become relevant I think they need to be perhaps looked at one by one. But I do think that in general when a claim is filed, the party is entitled to inquire about the basis of that claim, where it came from, and how it was computed and basically follow that back to the beginning; and by virtue of filing the claim publicly, any privilege that might otherwise have prevented that tracking back is waived. And since it does look like there is another deposition trip to Washington DC, it sounds like, I'll assume [inaudible] purposes that the completion of these depositions can be coordinated with that at little substantial incremental cost, I don't think a sanction is warranted. Okay…

Audio Recording of Hearing on March 5, 2012, at 01:53:13-01:54:28

The Court's ruling speaks for itself, and the Debtor does not view the posted "Minute" to reflect any elaboration of the Court's ruling on March 5, 2012. That said, we would observe that the Court's ruling follows the close of Mr. Klevansky's argument, in which Mr. Klevansky reported that the Debtor would be examining documents and may conduct other depositions to "track back" the derivation of Marriott's filed "claim". The Court issued its ruling on March 5, 2012, and while nothing more is before the Court today, we would expect to seek the severest sanction if Marriott elects to ignore its obligations, and the Court's

ruling, as it relates to the Debtor's examination of Marriott's claim. Mr. Klevansky will further address this in hearing should it be necessary to do so.

As to the third "clarification and/or reconsideration" of the Court's March 5th ruling, we reiterate once again our objections to a motion for reconsideration being filed without Marriott meeting any of the required predicates for such a motion.[3] Otherwise, as with the first issue, Mr. Gardner will address the issue in the hearing if he is able to appear telephonically to do so.

DATED: Honolulu, Hawaii, March 12, 2012.

NELIGAN FOLEY LLP

/s/ Patrick J. Neligan, Jr.
PATRICK J. NELIGAN JR.
Texas State Bar No. 14866000
JAMES P. MUENKER
Texas State Bar No. 24002659

KLEVANSKY PIPER, LLP
/s/ Simon Klevansky
SIMON KLEVANSKY
ALIKA L. PIPER
NICOLE D. STUCKI

Attorneys for Debtor

---

[3] Marriott must show that it has either newly discovered evidence which was not available at the original hearing or controlling legal authority not addressed and not otherwise available at the hearing on March 5, 2012. Marriott cannot meet any requirements for reconsideration nor does the Marriott Request even attempt to comply with the procedural requirements for a reconsideration of the Court's March 5, 2012 ruling.

EXHIBIT "A"

# Simon Klevansky

| | |
|---|---|
| From: | James Muenker [jmuenker@neliganlaw.com] |
| Sent: | Friday, March 09, 2012 11:04 AM |
| To: | Stius@rmhawaii.com |
| Cc: | AFeld@sheppardmullin.com; Pat Neligan; Simon Klevansky |
| Subject: | Fw: M Waikiki LLC, Case No. 11-02371 |
| Attachments: | #737 Marriott's EP Mtn to File Portions of Doc't Under Seal-Omnibus.pdf |

Susan - please forward an unredacted copy of the motion you intend to file.

---
Sent using BlackBerry

---

**From**: Susan Tius
**To**: chambers@hib.uscourts.gov ; Calendar@hib.uscourts.gov
**Cc**: Simon Klevansky ; Alika Piper ; Pat Neligan; James Muenker; Fenning, Lisa Hill ; Tom E. Roesser ; Chuck Choi ; James Wagner ; Ching, Curtis (USTP) ; Didion, Terri (USTP) ; Christopher J. Muzzi ; mgardner@bickelbrewer.com ; Doug Buncher; mgardner@bickelbrewer.com ; Harrison, Lindsay C. ; Alan Feld ; Carren Shulman ; Caroline Otani
**Sent**: Fri Mar 09 14:38:19 2012
**Subject**: M Waikiki LLC, Case No. 11-02371
We are Hawaii counsel for Marriott Hotel Services, Inc. and Marriott International, Inc. ("Marriott").

PLEASE DISREGARD THE SUBJECT LINE OF MY RECENT EMAIL.

Attached is Marriott International, Inc. and Marriott Hotel Services, Inc.'s Ex Parte Motion to File Portions of a Dcoument under Seal filed today as Dkt #737. This relates to Marriott International, Inc. and Marriott Hotel Services, Inc.'s Omnibus Discovery Memorandum and Request for Conference and Related Relief which Marriott will be filing.

We are bringing this filing directly to the Court's attention because of highly sensitive timing issues.

Thank you for the Court's consideration.

Respectfully,
Susan Tius, Esq.
Rush Moore LLP
A Limited Liability Law Partnership
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Tel. (808) 521-0406
Fax (808) 521-0497

CONFIDENTIALITY: The information contained in this email message is confidential and is intended only for the intended recipient(s). This email message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this email message is not the intended recipient (or the person responsible for the delivery of this email message to an intended recipient), you are hereby notified that you have received this document in error, and that any reuse, review, printing, dissemination, distribution or copying of this message is strictly prohibited. If you have received this email message in error, please reply to the sender that you have received the message in error and delete it without printing it or making any copies of it. Thank you.

EXHIBIT "B"

U.S. Bankruptcy Court - Hawaii   #11-02371   Dkt # 752   Filed  03/12/12   Page 9 of 10

BICKEL & BREWER

ATTORNEYS AND COUNSELORS
4800 COMERICA BANK TOWER
1717 MAIN STREET
DALLAS, TEXAS 75201
PHONE (214) 653-4000
FAX (214) 653-1015

www.bickelbrewer.com

(214) 653-4843
mgardner@bickelbrewer.com

787 FIFTH AVENUE
50TH FLOOR
NEW YORK, NEW YORK 10153
(212) 489-1400

March 11, 2012

<u>Via E-Mail</u>

Lindsay C. Harrison, Esq.
1099 New York Avenue, NW
Suite 900
Washington, D.C. 20001-4412

Re:   In re M Waikiki LLC, No. 11-02371

Dear Lindsay:

This letter responds to your letter to me dated March 7, 2012.

Your purported concern over Debtor's alleged failure to produce certain documents is unjustified and your suggestion that Debtor has "failed to produce" documents is wrong. As you are well-aware, Debtor is working hard to gather, review, and produce documents on a rolling basis on an expedited schedule. Of course, you understand this given that at the hearing on March 7, 2012, when I asked to receive the documents the Court had ordered Marriott to produce prior to the depositions that are scheduled for next week, you responded that you were unable to do so and explained that the parties' productions have been made on a rolling basis and that it's fair for both sides to continue to make rolling productions until the close of discovery.

Nevertheless, to accommodate your request, I have attached the copies of document DFT010632 which were collected from the files of Damian McKinney and Paul Guccini, and the corresponding metadata. You can expect to receive additional documents prior to the close of discovery, and Debtor's next production will be made early next week.

Sincerely,

*Michael S. Gardner/mba*

Michael S. Gardner

5263973.1
2147-03