NELIGAN FOLEY, LLP
PATRICK J. NELIGAN, JR.
Texas State Bar No. 14866000
Admitted *Pro Hac Vice*
JAMES P. MUENKER
Texas State Bar No. 24002659
Admitted *Pro Hac Vice*
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY 3217-0
ALIKA L. PIPER 6949-0
NICOLE D. STUCKI 9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com
apiper@kplawhawaii.com; nstucki@kplawhawaii.com

ATTORNEYS FOR DEBTOR

BICKEL & BREWER
WILLIAM A. BREWER III
Texas State Bar No. 02967035
Admitted *Pro Hac Vice*
MICHAEL S. GARDNER
Texas State Bar No. 24002122
Admitted *Pro Hac Vice*
1717 Main Street, Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1014
E-Mail: wab@bickelbrewer.com; mgardner@bickelbrewer.com

SPECIAL LITIGATION COUNSEL FOR DEBTOR

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br>M WAIKKI LLC,<br>Debtor. | Case No. 11-02371<br>(Chapter 11)<br><br>DEBTOR'S BENCH BRIEF REGARDING APPLICABLE STANDARD UNDER NEW YORK LAW FOR ESTIMATION OF PROOF OF CLAIM NO. 79 FILED BY MARRIOTT HOTEL SERVICES, INC., AND MARRIOTT INTERNATIONAL, INC.<br><br>Related Docket No. 505, Claim No. 79 |

**DEBTOR'S BENCH BRIEF REGARDING APPLICABLE STANDARD UNDER NEW YORK LAW FOR ESTIMATION OF PROOF OF CLAIM NO. 79 FILED BY MARRIOTT HOTEL SERVICES, INC., AND MARRIOTT INTERNATIONAL, INC.**

M WAIKIKI LLC ("Debtor"), as debtor and debtor-in-possession, submits this Bench Brief Regarding Applicable Standard Under New York Law for Estimation of Proof of Claim No. 79 filed by Marriott Hotel Services, Inc. and Marriott International, Inc. (collectively "Marriott"), and respectfully states as follows:

1. Although the present proceeding is "just" an estimation hearing, damage claims for lost profits are in fact always determined by estimation, as they necessarily involve projections of events that did not happen. It is therefore


U.S. Bankruptcy Court - Hawaii #11-02371 Dkt # 885 Filed 04/05/12 Page 2 of 9

particularly important to clarify the applicable standard for determination of lost profits damages claims under New York law.

2. In its Pre-Hearing Brief Regarding the Estimation of Marriott's Proof of Claim No. 79 (the "Marriott Brief"), Marriott argues that it only needs to provide a "reasonable estimation" of its lost profits claim for damages arising from the rejection of the Debtor's Management Agreement[1] rather than prove its claim with "reasonable certainty," as the Debtor has contended. See Marriott Brief at 35-43. The Debtor files this Bench Brief to alert the Court to the fact that Marriott's argument relies on cases decided by the U.S. Court of Appeals for the Second Circuit that either have been expressly repudiated by the New York Court of Appeals or are directly contrary to controlling New York precedent. These Second Circuit decisions should not be followed by this Court.

3. Marriott relies on *Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc.*, 487 F.3d 89 (2d Cir. 2007), for the proposition that a "reasonable estimation" is all that is required with respect to a lost profits claim for money that the allegedly breaching party was supposed to pay under the contract. Marriott Brief at 39-40. In *Tractebel*, the trial court declined to award *any* damages on account of future profits for a 20-year power supply contract on the

---

[1] Any capitalized terms not otherwise defined herein have the meaning set forth in the Debtor's Pre-Hearing Brief in Connection with Estimation of Proof of Claim No. 79 filed by Marriott.

ground they were not determinable with "reasonable certainty." The Second Circuit vacated and remanded that portion of the ruling so that the lower court could reevaluate the lost profits claim under a lower standard of proof.[2] Notably, the appellate opinion failed to cite *any* New York law in holding that a lower standard of proof than "reasonable certainty" applies when lost profits sought are classified as general damages.[3] Instead, *Tractebel* cited and relied upon an earlier Second Circuit decision, *Contemporary Mission, Inc. v. Famous Music Corp.*, 542 F.2d 111, 116 (2d Cir. 1976).[4] *Contemporary Mission*, in turn, relied on another Second Circuit case, *Perma Research & Dev. v. Singer Co.*, 542 F.2d 111, 116 (2d Cir. 1976).[5] Both decisions, as does *Tractebel*, misstate New York law.

4. Contrary to this line of Second Circuit cases, under New York law, a plaintiff seeking damages for breach of contract in the form of lost operating profits must in fact establish the existence and amount of those damages with

---

[2] The district court must have been puzzled by the remand, as it had already expressly rejected the lost profits claim under both standards in ruling on a motion for reconsideration. *See Tractebel*, 487 F. 3d at 111, n.23. This suggests that the appellate panel was simply trying to tell the district court that it really should award *some* damages under whatever standard.

[3] *See Tractebel,* 487 F.3d at 111 (not citing to any New York authority in finding that "there exists a higher burden for proving consequential damages than for general damages.").

[4] *See id.* at 110-11.

[5] *See Contemporary Mission*, 557 F.2d at 926.

reasonable certainty.[6] The seminal case on this issue is *Kenford Co. v. Erie County,* 76 N.Y.2d 257, 261 (1986), in which the New York Court of Appeals expressly rejected *Perma Research*'s holding that a plaintiff need only provide a "rational basis" for its claimed damages. Instead, the *Kenford* court held that, "[I]t must be demonstrated with certainty that such damages have been caused by the breach and, second, the alleged loss must be capable of proof with reasonable certainty."[7] In the post-*Kenford* era, the New York Court of Appeals has applied the "reasonable certainty" test to all claims for lost profits, including those in which such profits were classified as general damages under New York law.[8] *No* New York state cases have held that lost profits that are classified as general damages are subject to different, or lower, standard of proof than "reasonable certainty." Indeed, in *Ashland Management, Inc. v. Janien*, 82 N.Y.2d 395, 403 (1993), a case remarkably similar to the case at bar, the New York Court of Appeals explicitly held that, where a plaintiff sought lost profits in the form of

---

6 *See* G. Banks, Lost Profits for Breach of Contract: Would the Court of Appeals Apply the Second Circuit's Analysis?, 74 ALB. L. REV. 637, 664-65 (2011) ("The *Tractebel* decision sets forth no reason why the Court of Appeals should depart from its long-established rule that the non-breaching party must prove its claimed lost profit damages with reasonable certainty, a standard articulated in the Restatement (Second) of Contracts.").

7 *Id.*

8 *See Ashland Management,* 82 N.Y.2d at 404.

direct payments due him under a repudiated contract—*i.e.*, a claim for general damages—had to "be established with reasonable certainty."[9]

5. *Tractebel* also misapplies *Wakeman v. Wheeler & Wilson Mfg. Co.*, 101 N.Y. 205, 4 N.E. 264, 266 (1886), a 120-year old opinion, characterizing that holding as standing for the proposition that a plaintiff need only prove the fact of the damage, not the amount, when lost profits are general damages.[10] However, the *Kenford* court had previously relied upon *Wakeman* for the opposite proposition—that while the fact of damages must be proven with certainty (*i.e.*, they must be shown to be directly traceable to the breach), the amount of damages must be proven with "reasonable certainty."[11]

---

9 *Id.* at 405 (involving a claim for lost profits in the form of management fees derived as a percentage of revenues.).

10 *See Tractebel*, 487 F.3d at 110 (stating that "'[c]ertainty,' as it pertains to general damages, refers to the fact of damage, not the amount" and relying upon the following quote in *Wakeman* as support: "[for] when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damage which he has caused is uncertain.").

11 *See Kenford*, 67 N.Y.2d at 261 ("Loss of future profits as damages for breach of contract have been permitted in New York under long-established and precise rules of law. First, it must be demonstrated with certainty that such damages have been caused by the breach and, second, the alleged loss must be capable of proof with reasonable certainty. In other words, the damages may not be merely speculative, possible or imaginary, but must be reasonably certain and

6. *Tractebel* also errs in relying upon the earlier Second Circuit decision in *Contemporary Mission* for the proposition that the "burden of uncertainty as to the amount of damage is upon the wrongdoer."[12] *Contemporary Mission* itself relied upon the Second Circuit opinion in *Perma Research* for that assertion. *Tractebel* either overlooked or ignored the fact that the intervening *Kenford* decision expressly disapproved of *Perma Research*, finding that it had erroneously interpreted New York law and its holding that a "rational basis" test applies to evaluating lost profits.[13]

7. *Tractebel* further compounds its errors by misciting *Freund v. Washington Square Press, Inc.*, 34 N.Y. 2d 379, 314 N.E.2d 419 (1974), as its sole support for finding that "[t]he law of New York is clear that once the fact of damage is established, the non-breaching party need only provide a 'stable foundation for a reasonable estimate of damages.'"[14] *Freund*, however, does not so hold. Rather, *Freund* rejected the plaintiff's claim for lost profits because he

---

directly traceable to the breach, not remote or the result of other intervening causes." (citing *Wakeman*, 101 N.Y. at 205, 4 N.E. at 264)).

[12] *See Tractebel*, 487 F.3d at 110 (quoting *Contemporary Mission*, 557 F.2d at 926).

[13] *See Kenford,* 67 N.Y.2d at 263 ("[W]e specifically reject the 'rational basis' test enunciated *in Perma Research* . . . and adopted by the Appellate Division.").

[14] *Tractebel*, 487 F.3d at 111 (citing *Freund*, 34 N.Y.2d at 383).

failed to provide evidence of a "stable foundation for a reasonable estimate of damages."[15] This statement was a description of the insufficiency of the evidence in that particular case, and not an announcement of a different, and lower, standard for proving lost profits that are classified as general damages. The *Freund* court neither discussed the distinction between lost profits as general or consequential damages, nor suggested that it was departing from the established precedent. Moreover, *Kenford* and *Ashland Management* reaffirmed the "reasonable certainty" standard thereafter.

8. For the foregoing reasons, this Court should apply the controlling *Kenford* standard and require Marriott to prove its entitlement to lost profits with "reasonable certainty." This means that Marriott must prove with reasonable certainty that it would have met the performance tests under the Management Agreement. If it cannot meet that standard, it is not entitled to any lost profit damages for any years beyond the performance test deadlines.

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

15 *Id.*


U.S. Bankruptcy Court - Hawaii #11-02371 Dkt # 885 Filed 04/05/12 Page 8 of 9

Dated: Honolulu, Hawaii, April 5, 2012.

Respectfully submitted,

**NELIGAN FOLEY, LLP**

/s/ Patrick J. Neligan, Jr.
**PATRICK J. NELIGAN, JR.**
Texas State Bar No. 14866000
**JAMES P. MUENKER**
Texas State Bar No. 24002659

**KLEVANSKY PIPER, LLP**
A Limited Liability Law Partnership

/s/ Simon Klevansky
**SIMON KLEVANSKY**
**ALIKA L. PIPER**
**NICOLE D. STUCKI**

**ATTORNEYS FOR DEBTOR**

**BICKEL & BREWER**
**WILLIAM A. BREWER III**
Texas State Bar No. 02967035
**MICHAEL S. GARDNER**
Texas State Bar No. 24002122

**SPECIAL LITIGATION**
COUNSEL FOR DEBTOR