NELIGAN FOLEY, LLP
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
   Admitted Pro Hac Vice
JAMES P. MUENKER
   Texas State Bar No. 24002659
   Admitted Pro Hac Vice
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY        3217-0
ALIKA L. PIPER            6949-0
NICOLE D. STUCKI         9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com; nstucki@kplawhawaii.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>M WAIKIKI LLC,<br><br>        Debtor. | Case No. 11-02371<br>(Chapter 11)<br><br>**DEBTOR'S RESPONSE TO MARRIOTT'S MOTION REGARDING THE CALCUATION OF THE VALUE OF MARRIOTT'S CLAIM**<br><br>**Related Dkt. No. 1190** |

# DEBTOR'S RESPONSE TO MARRIOTT'S MOTION REGARDING THE CALCULATION OF THE VALUE OF MARRIOTT'S CLAIM

Debtor M Waikiki, LLC ("Debtor") files this Response to Marriott's Motion Regarding the Calculation of the Value of Marriott's Claim (the "Motion"), and states as follows:

1. In the Motion, Marriott seeks to correct what it contends were two errors in the Court's calculation of Marriott's claim in the Court's Estimation Decision.[1] First, Marriott contends that the Court applied the discount rate to calculate Marriott's claim in "January 1, 2011" dollars, as opposed to "September 1, 2011" or "September 1, 2012" dollars[2]. Second, Marriott contends that the Court, in discounting projected future *expenses*, should have applied the same 13.5% discount rate that it used to discount projected future *revenues* to present value.

2. While the Debtor believes that the estimated amount of Marriott's claim is higher than justified by the evidence and legal standards, the Debtor agrees that, for estimation purposes, the appropriate date to be used in discounting Marriott's claim for future lost revenues to present value is September 1, 2011, which is the day after the bankruptcy case was filed.

---

[1] Capitalized terms used herein shall have the same meaning as in the Motion.

[2] The appropriate date is September 1, 2011 (the date after the petition date) because that is the date as of which Marriott's prepetition unsecured claim must be estimated for purposes of plan voting and feasibility.

3. The Debtor, however, disagrees that the 13.5% discount rate the Court used to discount revenues for years 2018 through 2060 should also be applied to the estimated expenses in those years. The rationale for the Court's application of the 13.5% discount rate to estimated revenues was to account for "significant uncertainty" regarding whether Marriott would pass the Performance Test under the Management Agreement. That rationale does not apply to the estimation of expenses, because they are much more certain and predictable than the revenues, and thus warrant a significantly lower discount rate.

4. The only evidence Marriott presented for the appropriate discount rate for the expenses is Mr. Baltin's 7.5% rate.[3] Marriott should not be permitted, at this juncture, to disavow the testimony of its own expert that was relied upon by the Court. Thus, it would not be appropriate for the Court to discount the future projected expenses at the 13.5% discount rate. Instead, in calculating the estimated amount of the Marriott claim, the Court should use a discount rate of 7.5% to derive the present value of expenses for 2018 through 2060.

---

[3] Bruce Baltin, Marriott's expert, assumed (in ¶ 141 of his expert report) Marriott's avoided expenses to be $100,000 per year, inflated at 3% annually through 2060, and discounted back at a 7.5% discount rate, resulting in a net present value of $1,988,493 for Marriott's avoided travel expenses. The Court found that the Debtor did not rebut this evidence and thus accepted Mr. Baltin's estimate of this avoided expense as binding on the Debtor. Memorandum Opinion, p. 8, ¶ 21.a.

5. Using a 7.5% discount rate, the Debtor's financial advisor Xroads has calculated the discounted present value of Marriott's claim to be $19,732,830 as of September 1, 2011. Accordingly, and without waiving the Debtor's position—set forth in Debtor's post-hearing brief—that Marriott's claim should have been estimated at a much smaller amount, the Debtor agrees that the appropriate recalculated amount for Marriott's estimated claim, as of September 1, 2011, is $19,732,830.

DATED: Honolulu, Hawaii, June 4, 2012.

NELIGAN FOLEY LLP

/s/ Patrick J. Neligan
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
   *Admitted Pro Hac Vice*
JAMES P. MUENKER
   Texas State Bar No. 24002659
   *Admitted Pro Hac Vice*

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

/s/ Simon Klevansky
SIMON KLEVANSKY
ALIKA L. PIPER
NICOLE D. STUCKI

Attorneys for Debtor

---

In re M Waikiki LLC, Debtor, Case No. 11-02371, United Starts Bankruptcy Court, District of Hawaii; DEBTOR'S RESPONSE TO MARRIOTT'S MOTION REGARDING THE CALCUATION OF THE VALUE OF MARRIOTT'S CLAIM